# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ANTONIO NATHANIEL SPEED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13CV1841 SNLJ |
| | ) | |
| THOMAS J. MEHAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay the filing fee.[1] As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B), because it is legally frivolous.

**28 U.S.C. § 1915(e)**

---

[1]Plaintiff states that he has been unable to obtain a copy of his prison account statement from the Jennings City Jail. Accordingly, the Court has been unable to calculate an initial partial filing fee for plaintiff at this time.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, claiming violations of his rights under the Constitution.[2] Defendant Thomas Mehan is an Assistant

---

[2]Although petitioner filed the instant action under 42 U.S.C. § 1983, to the extent he is seeking release from custody as a pretrial detainee, the proper characterization of the instant action is through habeas corpus, pursuant to 28 U.S.C. § 2241. See, e.g., Dickerson v. State of Louisiana, 816 F.2d 220, 224 (5th Cir.)("[p]re-trial petitions ... are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him"); Hughes v. Attorney General of Florida, 377 F.3d 1258, 1261–62 (11th Cir.2004) ("because this petition for habeas relief is a pre-trial petition it would only be properly asserted

United States Attorney and Thomas C. Mummert is a Federal United States Magistrate Judge. Plaintiff is currently under indictment in this Court and his case is being prosecuted by defendant Mehan. The Honorable Thomas Mummert is presiding over plaintiff's pretrial proceedings. See U.S. v. Speed, 4:13CR295 RWS (E.D. Mo).

Plaintiff alleges that he is a Moor and he seeks monetary damages and injunctive relief from defendants for their alleged unlawful actions in relation to the federal criminal case currently being prosecuted against plaintiff.

Plaintiff maintains that he is immune from prosecution for violating any federal or state law because, as a free Sovereign Moorish–American national of North American Indigenous and Aboriginal Moors of the Ancient Moroccan Empire born in America, he is not a subject to the State, nor federal jurisdiction of the United States. Plaintiff believes that when he was taken into custody, he was "kidnapped"

---

pursuant to 28 U.S.C. § 2241"), cert. denied, 543 U.S. 1051 (2005); Hirsch v. Smitley, 66 F.Supp.2d 985, 986 (E.D.Wis.1999) ("[p]rejudgment habeas relief is available ... under 28 U.S.C. § 2241"); Carden v. State of Montana, 626 F.2d 82, 83 (9th Cir.) ("district court had jurisdiction, under 28 U.S.C. § 2241, to issue [a] pretrial writ of habeas corpus"), cert. denied, 449 U.S. 1014 (1980); Woodard v. Plummer, No. C 98–0040 CRB (PR), (N.D.Cal.1998), 1998 WL 30092 at *1 ("[a] pretrial detainee not yet convicted pursuant to a state court judgment may seek a writ of habeas corpus under 28 U.S.C. § 2241(c)(3)"). However, as plaintiff is also seeking monetary relief, which is unavailable under § 2241, the Court will review plaintiff's action as it was filed.

(unlawfully arrested) and being held hostage at the Jennings City Jail by public servants of the United States of America. He claims that defendants have forcefully refused to submit to him in writing the "official court date" as a way to require him to force him into a perpetual state of modern day slavery.

## Discussion

Fatal to plaintiff's assertion of immunity and defendants' alleged unlawful actions is the non-recognition of the Moorish Nation as a sovereign state by the United States. See Benton–El v. Odom, 2007 WL 1812615, at *6 (M.D.Ga. June 19, 2007); Osiris v. Brown, 2005 WL 2044904, at *2 (D.N.J. Aug. 24, 2005); Khattab El v. United States Justice Dept., 1988 WL 5117, at *2 (E.D.Pa. Jan. 22, 1988: see also, We the People Beys and Els v. State of New York, 165 F.3d 16, 1998 WL 801875, at *1 (2d Cir. Nov. 12, 1998) (unpublished opinion). Plaintiff cannot unilaterally bestow sovereign immunity upon himself. See United States v. Lumumba, 741 F.2d 12, 15 (2d Cir.1984).

Plaintiff's purported status as a Moorish–American citizen does not enable him to violate state and federal laws without consequence. And he cannot unilaterally claim that the Judge and the prosecutor in his ongoing criminal action have wronged acted unlawfully in some way simply because he believes it to be so under a Moorish law that is not recognized by this Court. See also, Penn v. United

States, 335 F.3d 786, 789 (8th Cir. 2003) (quoting Mireles v. Waco, 502 U.S. 9, 11-12 (1991)) (finding Judge's decisions are "entitled to absolute immunity for all judicial actions that are not 'taken in a complete absence of all jurisdiction.'"); Brodnicki v. City of Omaha, 75 F.3d 1261, 1266 (8th Cir. 1996) ("the prosecutor is acting as advocate for the state in a criminal prosecution, [] the prosecutor is entitled to absolute immunity.").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous. See 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 25th day of October, 2013.

                                                                  _/s/ Stephen N. Limbaugh, Jr._
                                                                  STEPHEN N. LIMBAUGH, JR.
                                                                  UNITED STATES DISTRICT JUDGE